IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARY E. KRAUS,

    Plaintiff,

v.

HERSHNER HUNTER, LLP, et al.,

    Defendants.

Case No. 6:16-cv-01776-MC

OPINION AND ORDER

MCSHANE, Judge:

    Defendants Hershner Hunter, LLP, Umpqua Bank, Mortgage Electronic Registration Systems, Inc. (MERS), and the Federal National Mortgage Association (Fannie Mae) filed twin motions to dismiss plaintiff Mary Kraus's claims against them. Mrs. Kraus, proceeding *pro se*, alleges eight causes of action stemming from Umpqua Bank's 2015 non-judicial foreclosure and sale of her former property.

1 – OPINION AND ORDER

Mrs. Kraus's claims depend on the invalidity of Umpqua Bank's non-judicial foreclosure and trustee's sale of the property. Because the sale fully complied with the Oregon Trust Deed Act (OTDA), Or. Rev. Stat. §§ 86.705–.795, Mrs. Kraus's complaint fails to state a plausible claim. Therefore, under Fed. R. Civ. P. 12(b)(6), this Court GRANTS the defendants' motions to dismiss.

## BACKGROUND

Mary Kraus and her late husband signed a Deed of Trust on May 20, 2011, securing a loan with their home. The parties to the Deed of Trust were as follows: Mary E. and Elmer J Kraus, Borrowers; Umpqua Bank, Lender; Fidelity National Title Company, Trustee; and MERS, "beneficiary." Umpqua later assigned Nancy K. Carey, a partner at Hershner Hunter, as its successor trustee.

In 2013, the Oregon Supreme Court addressed the then common practice of listing MERS as "beneficiary" on deeds of trust. *Brandrup v. ReconTrust*, 353 Or. 668, 672 (2013). Under *Brandrup*, MERS cannot be a "beneficiary" for the purposes of the OTDA. *Id.* at 673–74. In 2015, possibly in recognition of *Brandrup*, MERS recorded an assignment of trust deed transferring all of its rights as "beneficiary" to Umpqua. However, Umpqua already held all rights as beneficiary, because the lender on a deed of trust involving MERS is automatically the "beneficiary" for the purposes of the OTDA. *Niday v. GMAC Mortg., LLC*, 353 Or. 648, 660 (2013).

After Mrs. Kraus defaulted, Umpqua started the proceedings for non-judicial foreclosure. On October 5, 2015, Umpqua, through its successor trustee, sold the foreclosed property to Fannie Mae. On August 3, 2016, Mrs. Kraus brought this action in state court alleging eight causes of action arising from the sale. The defendants removed the action to federal court on

September 6, 2016. As noted, defendants moved to dismiss the complaint. Mrs. Kraus did not respond and the time to do so has passed.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant, *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), but the court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Umpqua Bank conducted a valid non-judicial foreclosure and sale of Mrs. Kraus's property. Under the OTDA, the trustee's sale of the foreclosed property terminates the original grantor's interest in that property. Or. Rev. Stat. § 86.770(1). To give the foreclosure proceedings appropriate finality, "a post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1166 (9th Cir.

2016). Technical defects, such as listing the wrong beneficiary on the notice of sale, are not significant enough to overturn the foreclosure. *Id.* Mrs. Kraus alleges mere technical defects that do not invalidate the foreclosure or sale.

Mrs. Kraus's first cause of action, for wrongful foreclosure, alleges MERS's participation rendered the non-judicial foreclosure invalid. As Mrs. Kraus correctly notes, MERS is not a suitable "beneficiary" under the OTDA. *Brandrup*, 353 Or. at 678. However, *Brandrup* did not render invalid every deed of trust listing MERS as "beneficiary." Instead, courts simply treat the lender as the true beneficiary. *Niday*, 353 Or. at 660. Here, that means Umpqua Bank, the lender, was the true beneficiary. As the beneficiary of Mrs. Kraus's Deed of Trust, Umpqua Bank had the legal authority to appoint a successor trustee, conduct a non-judicial foreclosure and trustee's sale of Mrs. Kraus's property, and eventually transfer the title to Fannie Mae.

Mrs. Kraus does not allege she could have paid her loan but for the sale. Mrs. Kraus does not allege she took any action to stop the foreclosure before the final sale. Mrs. Kraus does not allege Umpqua Bank failed to provide proper notice of the foreclosure or sale.[1] Mrs. Kraus alleges only that listing MERS as "beneficiary" on the original deed of trust rendered Umpqua Bank's subsequent conduct invalid. As stated above, the courts correct this technicality by treating the lender as the true beneficiary. *Id.* Therefore, the facts as alleged by Mrs. Kraus demonstrate this was a valid non-judicial foreclosure.

---

[1] In fact, the documents submitted with defendants' request for judicial notice, ECF No. 13, demonstrate Mrs. Kraus received proper notice of the sale. At any stage of the proceeding, the court may take judicial notice of "matters of public record." Fed. R. Evid. § 201(d); *Lee v. County of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). This Court takes notice of the following documents, recorded in the Coos County Oregon Records: (1) Deed of Trust, dated May 20, 2011; (2) Assignment of Trust Deed by Beneficiary, dated March 31, 2015; (3) Appointment of Successor Trustee, dated March 31, 2015; (4) Trustee's Notice of Default and Election to Sell Under Terms of Trust Deed, dated April 22, 2015; (5) Trustee's Deed, dated October 5, 2015; and (6) various proofs of notice and service, recorded August 25, 2015. *See* Def.'s Mot. to Dismiss Exs. 1–5, ECF Nos. 9-1 to 9-5; Def.'s Mot. to Dismiss Ex. A, ECF No. 8-1; Def.'s Req. for Judicial Notice in Supp. of Mot. to Dismiss Ex. A, ECF No. 13-1. This Court may properly consider each of the above-listed documents as part of the defendants' motions to dismiss, as Mrs. Kraus's complaint specifically refers to and relies on each. *Lee*, 250 F.3d at 689; Notice of Removal Ex. 1, ECF. No. 1.

4 – OPINION AND ORDER

Mrs. Kraus's seven other causes of action also rely on MERS's inability to conduct a valid non-judicial foreclosure. Mrs. Kraus's second cause of action alleges Umpqua violated the OTDA by assigning a successor trustee. However, Umpqua, which has always been the true beneficiary to Mrs. Kraus's deed of trust, had the power to assign a successor trustee. Even in the light most favorable to Mrs. Kraus, Umpqua's conduct was legal and proper. Therefore, Mrs. Kraus's second cause of action alleges no facts making her claim plausible.

Mrs. Kraus's third cause of action alleges Umpqua breached the implied covenant of good faith and fair dealing, as set out by the Restatement (Second) of Contracts § 205. However, as explained above, Umpqua fully complied with the OTDA and conducted a valid non-judicial foreclosure. Umpqua did not "avoid[] the OTDA." Therefore, Mrs. Kraus's third cause of action alleges no facts making her claim plausible.

Mrs. Kraus's fourth cause of action alleges trespass against Fannie Mae, the eventual owner of the subject property. Fannie Mae purchased the property at the trustee's sale. The trustee's sale terminated Mrs. Kraus's interest in the property. Or. Rev. Stat. § 86.770(1). Afterwards, Fannie Mae was the legal owner of the subject property and could not have trespassed thereon. Therefore, Mrs. Kraus's fourth cause of action alleges no facts making her claim plausible.

Mrs. Kraus's fifth cause of action alleges Umpqua violated the OTDA because "[t]he MERS filing is invalid." The document Mrs. Kraus is likely referencing, the assignment from MERS to Umpqua, may have been technically invalid because MERS was never actually the proper beneficiary. However, there was no need for MERS to assign any rights to Umpqua; the courts correct this technicality automatically. *Niday*, 353 Or. at 660. The MERS filing, though

redundant, did not render the subsequent proceedings invalid. Therefore, Mrs. Kraus's fifth cause of action alleges no facts making her claim plausible.

Mrs. Kraus's sixth cause of action alleges Defendant Hershner Hunter violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Foreclosing on a security interest is not "debt collection" within the meaning of the FDCPA. *Barnes v. Routh Crabtree Olsen, PC*, 2016 WL 81799, at *4 (and other cases cited therein). Even if the foreclosure was actionable under the FDCPA, Mrs. Kraus alleges only that Hershner Hunter violated the FDCPA by participating in Umpqua's non-judicial foreclosure of her former property. As explained above, Umpqua's foreclosure and sale were legal and valid. Therefore, even in the light most favorable to Mrs. Kraus, her sixth cause of action contains no facts making her claim plausible.

Mrs. Kraus's seventh cause of action alleges all defendants slandered the title to her former property by "preparing, posting, publishing, and recording" the documents necessary to give notice of and carry out the non-judicial foreclosure and trustee's sale. As with her other causes of action, Mrs. Kraus relies on the invalidity of the non-judicial foreclosure and trustee's sale. As repeatedly explained above, the foreclosure proceedings were both legal and valid. The defendants had the right—and indeed, under the OTDA, the obligation—to prepare, post, publish, and record the relevant documents. Therefore, Mrs. Kraus's seventh cause of action alleges no facts making her claim plausible.

Mrs. Kraus's eighth cause of action simply reiterates all of her previous allegations and requests declaratory relief on the validity of the foreclosure, trustee's sale, and all related documents. With reference to the explanations above, this Court declares valid and legal each and every aspect of the proceedings outlined in Mrs. Kraus's complaint. Therefore, Mrs. Kraus's eighth cause of action alleges no facts making her claim plausible.

## CONCLUSION

Umpqua Bank conducted a valid non-judicial foreclosure and trustee's sale of Mrs. Kraus's former property. MERS's role in the proceedings did not affect the validity of the foreclosure or the trustee's sale, and Mrs. Kraus's complaint alleges no other facts making her claims plausible. Therefore, this Court GRANTS the defendants' motions to dismiss. Because the complaint and judicially noticed documents establish the foreclosure and sale were valid, the complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 19th day of December, 2016.


_____/s/ Michael McShane_____
Michael McShane
United States District Judge